**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

MICHAEL E. MACKEY,                           No. CIV S-10-2802-MCE-CMK-P

     Petitioner,

  vs.                                                        FINDINGS AND RECOMMENDATIONS

K. HARRINGTON,

     Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction from the Solano County Superior Court.

        Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Generally, a habeas petitioner is required to raise all colorable grounds for relief in his first petition. See McFarland v. Scott, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring), Habeas Corpus Rule 2(c). Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of

1

two circumstances, not relevant here, exist. 28 U.S.C. § 2244(b)(2). Where a petitioner is proceeding pro se and files a new petition before the district court has adjudicated the petitioner's prior petition, the Ninth Circuit has directed that the court should construe the new petition as a motion to amend the petition rather than as a "second or successive" petition. See Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008).

A review of the court's own records[1] reveals that petitioner has an active habeas action currently proceeding, case Mackey v. Herrington, CIV S-10-2504-JAM-CMK P. Pursuant to Woods then, the court should dismiss this action and file the petition under review in this action as a motion to file an amended petition in the previously filed action. However, a review of the two petitions filed in both actions reveals that the petitions are virtually identical. Petitioner filed his original petition in case CIV S-10-2504-JAM-CMK P on July 8, 2010, and an amended petition on November 22, 2010. Respondent in that case has filed an answer, and the court is awaiting petitioner's traverse to be filed, if he so chooses. As the petitions are virtually identical, raising the same three basic claims, it does not appear to be appropriate to take the amended petition filed in this action and file it as a motion to file a second amended petition in the prior action.

If, however, petitioner's intention was in fact to file a second amended petition in his prior action, he may so inform the court in his objections to these findings and recommendations. If that was petitioner's intention, the court will address the issue in response to his objections.

Based on the foregoing, the undersigned recommends that petitioner's petitions for a writ of habeas corpus (Docs. 1, 7) be summarily dismissed and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

---

[1] A court may take judicial notice of court records. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1 after being served with these findings and recommendations, any party may file written
2 objections with the court.  Responses to objections shall be filed within 14 days after service of
3 objections.  Failure to file objections within the specified time may waive the right to appeal.
4 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  January 20, 2011

                                                      _____
                                                      **CRAIG M. KELLISON**
                                                      UNITED STATES MAGISTRATE JUDGE